UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**STEVEN JOSHUA WEBB**          **CIVIL ACTION NO. 3:17-CV-265**

**VS.**          **SECTION P**

         **JUDGE ROBERT G. JAMES**

**OUACHITA CORRECTIONAL**
**CENTER, ET AL.**          **MAGISTRATE JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) originally filed on February 13, 2017, by *pro se* plaintiff Steven Joshua Webb. At the time of this filing, plaintiff was incarcerated at the Ouachita Correctional Center in Monroe, Louisiana. On April 7, 2017, plaintiff was instructed to amend his complaint within 30 days to provide more detailed information regarding his claims. [Rec. Doc. 7] Plaintiff has not responded to the order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §1915 and directed plaintiff to amend and provide the information needed to further evaluate his claims. Plaintiff has disregarded the order to amend and has not contacted the court since his complaint was filed.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, July 6, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**